NOTICE

Decision filed 04/10/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0321

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| SHEILA R. GRANT, Individually and as Mother and Next Friend of Zachary Grant, a Minor, | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 01-L-1128 |
| | ) |
| SOUTH ROXANA DAD'S CLUB, | ) Honorable<br>) George J. Moran, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff, Sheila Grant, is the mother of a young boy who was seriously injured when he fell while riding his bicycle over a dirt pile on the premises of the defendant, the South Roxana Dad's Club (Dad's Club). Eight-year-old Zachary Grant rode his bicycle over the dirt pile as a means of deliberately becoming airborne on the bicycle–a practice called "ramping." The parties filed cross-motions for a summary judgment on the issues of whether the defendant owed a duty to Zachary and, if so, whether it breached that duty. The court granted the plaintiff's motion. The defendant appeals, pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)), arguing that the stipulated facts established, as a matter of law, that Dad's Club did not owe Zachary a duty either to remove the dirt pile or to warn him of the potential hazard because it was an open and obvious danger which posed a risk that even a child of eight could understand and appreciate. We affirm the trial court's ruling.

The defendant is a nonprofit organization which operates a playground that is open to the public. Children are permitted to play in the park without adult supervision. In a building located on the premises, the defendant holds bingo games intended to raise money

1

for use in maintaining the playground. Bob Halbert, the park commissioner for Dad's Club, explained that the organization is called "Dad's Club" because fathers who reside in the area keep the playground operational by participating in these fund-raisers.

On August 18, 1999, eight-year-old Zachary Grant lived with his family across the street from Dad's Club. That day, Zachary spent much of the day outside riding his bicycle with three friends. The boys liked to "ramp" their bicycles. Zachary described "ramping" as riding a bicycle up one side of a curb, bump in the road, or dirt pile in order to become airborne on the other side. At that time, there were two large dirt piles in the parking lot of Dad's Club. Each pile was approximately four feet high. The dirt had been trucked in for use in a construction project several months earlier. The record is not clear regarding the exact time the dirt piles first appeared. Sheila Grant, Zachary's mother, thought they might have been there for close to a year. Robert Grant, Zachary's father, believed they had been there "at least since springtime."

On the day in question, Zachary and his friends were riding their bicycles in the parking lot of Dad's Club and using one of the dirt piles to ramp. Zachary lost control of his bicycle when the handlebars twisted. This caused him to fall and break his arm. The injury was severe, requiring two surgeries. Although Zachary testified in a June 2002 discovery deposition that his arm no longer hurt him, he reported having a decreased range of motion in that arm. He also had a scar from the surgery, and the arm that was broken in the accident did not grow to be as long as Zachary's uninjured arm.

The defendant removed the dirt pile the day following Zachary's accident. This was accomplished simply by spreading the dirt around.

On October 1, 2001, Sheila Grant filed a first amended complaint alleging that the defendant acted negligently in leaving the dirt pile where it knew or should have known that children were playing and in failing to warn the children of the danger. On August 25, 2002,

2

the defendant filed a motion for a summary judgment, arguing that on the basis of uncontroverted facts, it did not owe Zachary a duty to remove the dirt pile or warn of the potential danger. The defendant contended that (1) the dirt pile was an open and obvious danger and (2) Zachary was mature enough to appreciate the risk posed by ramping his bicycle on the dirt pile. Thus, the defendant argued, the injury he suffered was not foreseeable to the defendant and the defendant therefore had no duty to protect against it. In support of these arguments, the defendant cited cases in which courts have found that the risk of falling from a height is a danger that children of Zachary's age and younger could appreciate. The defendant also pointed out that Zachary admitted in deposition testimony that he was aware he could fall while ramping his bicycle and that, in fact, he had fallen while ramping his bicycle on previous occasions.

In response, the plaintiff filed her own motion for a summary judgment. She agreed that no genuine dispute of material fact existed and that a summary judgment was therefore proper regarding liability. She argued that the defendant had actual knowledge that children, including Zachary, were riding their bicycles on the pile of dirt, thus defeating any claim that the injury was not foreseeable. In support of this contention, the plaintiff attached a transcript of a recorded statement of Bob Halbert, Dad's Club's park commissioner. Halbert stated that he had seen children riding their bicycles on the dirt pile on two different occasions prior to Zachary's accident. On one occasion, he saw some children riding their bicycles on the pile as he drove his car past Dad's Club. On another occasion, the day before Zachary's accident, Halbert saw Zachary and one other boy riding their bicycles on the pile. He told them to stop because they could get hurt, and then he went into the building to do some work. He stated that, when he left the building later to go home, he saw that the boys were still in the Dad's Club parking lot walking their bikes. He stated, "[S]o I had no doubt they came right back."

3

On December 17, 2003, the court granted the plaintiff's motion for a summary judgment and denied the defendant's motion. In so ruling, the court expressly found as follows:

" 1. That both parties agree that no questions of material fact exist, and that liability herein is a question of law for the Court to determine;

2. That the defendant operated a park in which young, unsupervised children were allowed to play, and defendant knew that young children did so frequently;

3. That the defendant created a pile of dirt on its property;

4. That while the pile of dirt itself was innocuous, it became a dangerous and defective condition when the defendant became aware on more than one occasion that young children were using it to ramp their bicycles;

5. That defendant knew that such activity on its dirt pile was dangerous and likely to cause injury;

6. That the defendant knew that the children, because of their immaturity, did not appreciate the risk involved, because it knew that its warnings of the danger would go unheeded;

7. That the expense involved in remedying the condition and guarding against injury was slight, i.e.[,] spreading the dirt about;

8. That given defendant's actual knowledge of all of the foregoing, potential injury to the children invited to play on its property was foreseeable, and defendant therefore had a duty to remedy the condition; and

9. That defendant breached its duty by failing to remedy that condition."

On January 16, 2004, the defendant filed a motion to reconsider, which the court denied on February 27, 2004. On April 21, 2005, the defendant filed a motion for certification for leave to appeal pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R.

4

308(a)). On May 12, 2005, the court granted the defendant's motion and certified the following question for our review:

"What duty, if any, does a landowner have to an eight-year-old minor on its property with respect to an open and obvious condition, a four[-]foot[-]high dirt pile, when it has notice that the minor has engaged in an activity involving that condition, riding his [bicycle] over the dirt pile, that has a risk of injury to the minor?"

The existence of a duty is a question of law. *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 388, 706 N.E.2d 441, 446 (1998). Duty is shaped by public policy considerations. *LaFever*, 185 Ill. 2d at 388, 706 N.E.2d at 446. Whether the law will impose an obligation of reasonable conduct upon a defendant for the benefit of a plaintiff depends on the nature of the relationship. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 441, 856 N.E.2d 1048, 1060 (2006); *LaFever*, 185 Ill. 2d at 388-89, 706 N.E.2d at 446. The four factors generally considered determinative on the issue of a duty under Illinois common law are (1) the reasonable foreseeability of the plaintiff's injury, (2) the reasonable likelihood of the injury, (3) the magnitude of the defendant's burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant. *LaFever*, 185 Ill. 2d at 389, 706 N.E.2d at 446.

Section 343 of the Restatement (Second) of Torts, adopted by the Illinois courts in *Genaust v. Illinois Power Co.*, 62 Ill. 2d 456, 343 N.E.2d 465 (1976), states the law regarding the duty owed by landowners to invitees:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail

5

to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343, at 215-16 (1965).

The Illinois Premises Liability Act abolished the common law distinction between invitees and licensees, requiring of landowners the same duty "of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." 740 ILCS 130/2 (West 1994).

The defendant argues that any duty it might have owed Zachary was negated by the open and obvious nature of the risk. The open-and-obvious-danger rule is one application of the principle that a landholder should only be held liable for failing to prevent harm he or she could reasonably be expected to foresee. The rule stems from the presumption that it is not foreseeable that a person will intentionally encounter the risk of an open and obvious danger. See *Ward v. K mart Corp.*, 136 Ill. 2d 132, 147, 554 N.E.2d 223, 229-30 (1990). The *Ward* court adopted section 343A(1) of the Restatement (Second) of Torts, which provides as follows: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts §343A(1), at 218 (1965).

When a child is injured, however, courts recognize that it may be foreseeable that the child, due to immaturity, will not fully appreciate the risk involved in encountering what to an adult is an open and obvious danger. Nevertheless, there are some dangers that are so obvious that even a child can be expected to know to avoid them. *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 326, 383 N.E.2d 177, 180 (1978). Such risks include fire, water, and falling from heights. *Corcoran*, 73 Ill. 2d at 327, 383 N.E.2d at 180 (relying on Restatement (Second) of Torts §339, Comment *j*, at 203 (1966)). The test is whether a

6

typical child who is old enough to be at large would lack the maturity to understand and appreciate the risk involved, therefore making it foreseeable that a typical child might be injured. See *Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180 (noting that "the foreseeability of harm to children [is] the cornerstone of liability"); *Salinas v. Chicago Park District*, 189 Ill. App. 3d 55, 61, 545 N.E.2d 184, 187 (1989) (explaining that there is no duty to a child where children of a similar age can appreciate the danger).

We note that the ability of children to appreciate the danger is not the only issue in determining whether a duty exists. In order to find that a landholder owes a duty to a child injured on its premises, a court must also find that (1) a dangerous condition exists on the property, (2) it is reasonably foreseeable that children would be present on the premises, and (3) the risk of harm to children outweighs the burden of removing the danger. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 116-17, 660 N.E.2d 863, 868 (1995) (citing *Khan v. James Burton Co.*, 5 Ill. 2d 614, 625, 126 N.E.2d 836, 842 (1955)).

The defendant argues that Zachary's injuries were not foreseeable and that, therefore, it had no duty to take steps to prevent them from happening. According to the defendant, Zachary's injuries were not foreseeable for two reasons: (1) the danger that Zachary encountered was "the simple danger of falling from a height" of four feet, a danger our courts have repeatedly held to be one that children are able to appreciate and understand (see *Knapp v. City of Decatur*, 160 Ill. App. 3d 498, 505, 513 N.E.2d 534, 538 (1987) (noting that courts "routinely" find that children are capable of appreciating the risk of falling)), and (2) the defendant could not be expected to anticipate any and all misuses to which children might put the dirt pile (see *Donehue v. Duvall*, 41 Ill. 2d 377, 379-80, 243 N.E.2d 222, 223-24 (1968) (implicitly finding that an injury caused when one child threw a clod of dirt at another was not foreseeable to the landowner who maintained a dirt pile on its property because the

child's act of throwing the dirt clod was not foreseeable)).

Even assuming that the danger Zachary faced was one that an average child his age could be expected to understand and appreciate, this does not necessarily mean that Dad's Club had no duty to take precautions to prevent the harm. See *Sollami v. Eaton*, 201 Ill. 2d 1, 15, 772 N.E.2d 215, 223 (2002) (explaining that "the existence of an open and obvious condition is not a *per se* bar to a finding of legal duty on the part of a premises owner or occupier"). As previously noted, the open-and-obvious-danger rule is simply one aspect of determining the foreseeability of harm. Indeed, even in the context of adult plaintiffs, courts have recognized exceptions to the open-and-obvious-danger rule where it is foreseeable that a plaintiff might encounter the danger in spite of its open and obvious nature. See, *e.g.*, *Ward v. K mart Corp.*, 136 Ill. 2d 132, 153, 554 N.E.2d 223, 233 (1990) (finding the risk of harm foreseeable where it is foreseeable that an adult plaintiff might be too distracted to notice an otherwise open and obvious danger); *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 392, 706 N.E.2d 441, 448 (1998) (finding it foreseeable that an adult plaintiff will deliberately encounter an open and obvious danger due to economic necessity); see also *Sollami*, 201 Ill. 2d at 16, 772 N.E.2d at 224 (specifically stating that the deliberate-encounter exception may be applicable in circumstances not involving economic compulsion but finding the exception inapplicable to a 15-year-old girl injured while jumping on a trampoline).

We return to foreseeability as the cornerstone of our duty analysis. *Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180. As pointed out by the *LaFever* court, the Restatement requires that we decide foreseeability by the reasonableness of the landowner's actions, not the entrant's actions. *LaFever*, 185 Ill. 2d at 393, 706 N.E.2d at 448. "The Restatement directs that with regard to open and obvious hazards, liability stems from the knowledge of the possessor of the premises, and what the possessor 'ha[d] reason to expect' the invitee would do in the face of the hazard." *LaFever*, 185 Ill. 2d at 392, 706 N.E.2d at 448 (quoting

8

Restatement (Second) of Torts §343A, Comment *f*, at 220 (1965), and citing R. Ferrell, *Emerging Trends in Premises Liability Law*, 21 Ohio N.U. L. Rev. 1121, 1137 (1995)).

We now consider whether Zachary's injuries were foreseeable under the facts presented. As previously discussed, Dad's Club's park commissioner, Mr. Halbert, knew that Zachary and other children his age were using the dirt pile to ramp their bicycles, *and* he anticipated that the boys, including Zachary, could be hurt. His exact words were "I told them not to ride that [be]cause they could get hurt." Therefore, Dad's Club had actual knowledge that children, including Zachary, were using the dirt pile in a dangerous manner. The certified question itself incorporates this knowledge, asking what duty a landholder has to a child "when it has notice that the minor has engaged in an activity involving that condition, riding his [bicycle] over the dirt pile, that has a risk of injury to the minor." If we are to give any meaning to the plain language contained in the conditional phrasing of section 343A(1)–"unless the possessor should anticipate the harm despite such knowledge or obviousness" (Restatement (Second) of Torts §343A(1), at 218 (1965))–Mr. Halbert's statement that he in fact foresaw that the children would not appreciate the risk and would continue to encounter it fits within that meaning.

Furthermore, we reject the defendant's attempts to avoid liability outright by invoking the open-and-obvious-danger exception to duty. The open-and-obvious-danger rule is not a substitute for an analysis of a defendant's duty under the circumstances of a case. *Ward*, 136 Ill. 2d at 147-48, 554 N.E.2d at 230. The focus of inquiry must be on the defendant–whether the defendant could reasonably have foreseen injury to the plaintiff. *Ward*, 136 Ill. 2d at 148, 554 N.E.2d at 230. As so aptly stated by the supreme court, "The only sound explanation for the 'open and obvious' rule must be either that the defendant in the exercise of reasonable care would not anticipate that the plaintiff would fail to notice the condition, appreciate the risk, and avoid it (see Keeton, *Personal Injuries Resulting from*

9

*Open and Obvious Conditions*, 100 U. Pa. L. Rev. 629, 642-43 (1952)), or perhaps that reasonable care under the circumstances would not remove the risk of injury in spite of foreseeable consequences to the plaintiff." *Ward*, 136 Ill. 2d at 147, 554 N.E.2d at 229-30. In the face of the defendant's acknowledged anticipation of the risk to the children, including Zachary, we believe that Zachary's injuries were foreseeable.

Reaching a decision on the foreseeability factor does not end our analysis regarding the duty issue. We next consider the likelihood of Zachary's injury. The defendant argues, citing *Sollami*, that this factor carries little weight because, once the risk is determined to be open and obvious, it is reasonable for the defendant to assume that the risk will be appreciated and avoided. See *Sollami*, 201 Ill. 2d at 17, 772 N.E.2d at 224. While the defendant correctly cites to *Sollami* for this proposition, we believe that the fact that the minor in *Sollami* was a teenager of 15 years, rather than a child of 8 years, must have some bearing on our decision regarding the assessment of what is open and obvious, as does the fact that here the defendant *did not* assume that the risk would be appreciated and avoided by the children. To the contrary, Mr. Halbert stated that he thought that his warning to the boys the day before would go unheeded and that they would be right back at it, because he saw them return after he told them not to ramp off of the dirt pile. Mr. Halbert believed that the children did not appreciate the risk and would not avoid the risk. It is also clear from this statement that Mr. Halbert appreciated the likelihood of injury.

The last two factors–the magnitude of the burden of imposing the duty and the consequences of imposing the duty–favor imposing a duty on the defendant. We agree with the trial court's finding that the expense of remedying the duty was slight. The defendant concedes this point by stating in its brief, "[T]here is no question that the dirt pile was relatively easy to remove." The dirt was simply spread out around the ground the next day. The consequences of imposing this burden on the defendant were also negligible. The dirt

10

had been left over from a construction project and apparently was no longer needed. Once the pile was removed, there was no further burden to the defendant.

Additionally, the nature of the relationship between Dad's Club and Zachary squarely impacts the public policy considerations for imposing a duty on the defendant for the benefit of the plaintiff. The very purpose of Dad's Club is to provide a playground for children such as Zachary. While the defendant characterizes Zachary as a "non[]trespasser," the legal relationship is clearly that of an invitee. Under Illinois law, this relationship gives rise to a duty of reasonable care under the circumstances. 740 ILCS 130/2 (West 1998). Our above analysis of the four factors generally considered in determining duty does not support an exemption from that duty. We therefore find that Dad's Club owed Zachary a duty of reasonable care.

Having found that Dad's Club owed Zachary a duty of reasonable care, however, is not the same as concluding that Dad's Club breached its duty of reasonable care to Zachary. The question certified to this court does not include the question of a breach. Nevertheless, the plaintiff's brief requests this court to affirm the trial court's summary judgment finding that Dad's Club both owed a duty to Zachary and violated that duty. The existence of a duty does not equate to a breach of duty. The two concepts are distinct and must be considered separately. *LaFever*, 185 Ill. 2d at 396, 706 N.E.2d at 450. It appears that in their analysis of liability, both parties, as well as the court below, have blended the concepts of duty and breach. See *Marshall*, 222 Ill. 2d at 434-43, 856 N.E.2d at 1056-61 (discussing the misconceptions regarding the elements of duty and breach in the broader context of negligence liability). Indeed, the openness or obviousness of a danger will continue to have a bearing on the plaintiff's ultimate recovery, as it relates to breach and proximate cause. See *LaFever*, 185 Ill. 2d at 396-97, 706 N.E.2d at 450; *Marshall*, 222 Ill. 2d at 443, 856 N.E.2d at 1061.

11

The question of a breach is not properly before this court. An interlocutory appeal brought pursuant to Supreme Court Rule 308 is limited to the certified question. Rule 308 is not intended to expand the certified question to answer other unasked questions. *Giangiulio v. Ingalls Memorial Hospital*, 365 Ill. App. 3d 823, 829, 850 N.E.2d 249, 255-56 (2006). We decline to expand the scope of review to include whether Dad's Club breached the duty of care owed to Zachary.

For the foregoing reasons, we find that the defendant owed the plaintiff a duty of reasonable care under the circumstances.

Certified question answered.

WEXSTTEN[1], J., concurs.

JUSTICE SPOMER, dissenting:

I respectfully dissent, as the majority's decision contradicts long-standing Illinois Supreme Court precedent and misapplies the concept of "foreseeability." The majority cites to many cases as authority for the propositions it relies on in its analysis, but I believe that my colleagues take these propositions out of context and ignore their ultimate holdings. For the reasons that follow, I would answer the certified question on appeal in the negative and reverse the order of the circuit court that granted a summary judgment for the plaintiff on the issue of liability.

Beginning with *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 327 (1978), the majority recognizes that there are some dangers, such as fire, water, and *falling from heights*,

---

[1] Justice Hopkins participated in oral argument. Justice Wexstten was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.

12

that are so obvious that any child can be expected to know to avoid them. Slip op. at 6. The majority then goes on to say that this is not the only issue in determining whether a duty exists, and it cites *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 116-17 (1995), for the proposition that "a court must *also* find that (1) a dangerous condition exists on the property, (2) it is reasonably foreseeable that children would be present on the premises, and (3) the risk of harm to children outweighs the burden of the danger." (Emphasis added.) Slip op. at 7. As explained below, the majority's analysis of these two cases and its resulting statement of the relevant legal test is flawed because, as a matter of established Illinois law, if a reasonable child should appreciate the risk, injury to the child is not foreseeable, a dangerous condition does not exist, and there is no duty.

As reiterated in *Mt. Zion State Bank & Trust*, obvious dangers present no foreseeability of harm, and thus no duty. 169 Ill. 2d at 125. The Illinois Supreme Court in both *Corcoran* and *Mt. Zion State Bank & Trust* explained that in order for a duty to exist, the owner or occupier must know or have reason to know that children frequent the premises *and* that there is a dangerous condition on the property. *Mt. Zion State Bank & Trust*, 169 Ill. 2d at 120 (relying on *Corcoran*, 73 Ill. 2d at 326). Only if both of these prerequisites are satisfied is it deemed that harm is sufficiently foreseeable for the law to require an owner or occupier of land to remedy the condition. *Mt. Zion State Bank & Trust*, 169 Ill. 2d at 120 (citing *Corcoran*, 73 Ill. 2d at 326). Thus, if children of the age and maturity of the injured child are able to appreciate the risk of harm, this factor negates the dangerous condition prong of foreseeability and ends the duty analysis. See *Mt. Zion State Bank & Trust*, 169 Ill. 2d at 120.

Both *Corcoran* and *Mt. Zion State Bank & Trust* unequivocally held that there is no duty on owners or occupiers to remedy conditions the obvious risks of which children generally would be expected to appreciate and avoid. *Corcoran*, 73 Ill. 2d at 326; *Mt. Zion*

13

*State Bank & Trust*, 169 Ill. 2d at 125. Even if an owner or occupier knows that children frequent his premises, he is not required to protect against the ever-present possibility that children will injure themselves on obvious or common conditions. *Corcoran*, 73 Ill. 2d at 326. This rule is founded on Illinois public policy that " '[t]he responsibility for a child's safety lies primarily with its parents, whose duty it is to see that his behavior does not involve danger to himself.' " *Corcoran*, 73 Ill. 2d at 327 (quoting *Driscoll v. C. Rasmussen Corp.*, 35 Ill. 2d 74, 79 (1966)). Nowhere in the majority's disposition is this public policy acknowledged.

Furthermore, the majority's reliance on *Sollami v. Eaton*, 201 Ill. 2d 1, 15 (2002), is also misplaced. Although the Illinois Supreme Court in *Sollami* did state that the existence of an open and obvious danger is not a *per se* bar to a finding of legal duty on the part of a premises owner or occupier, it did so in the context of explaining that there are two exceptions to the open-and-obvious rule. *Sollami*, 201 Ill. 2d at 15. As the supreme court in *Sollami* explained, only when the "distraction exception" or the "deliberate encounter exception" applies in a given case does an owner or occupier of land have a duty to guard against harm to an invitee, despite the obviousness of the danger. *Sollami*, 201 Ill. 2d at 15-16. Neither of these exceptions was analyzed by the majority, neither was argued by the plaintiff, and neither applies to the case at bar.

The distraction exception applies where the owner or occupier " 'has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.' " *Sollami*, 201 Ill. 2d at 15 (quoting Restatement (Second) of Torts §343A(1), Comment *f*, at 220 (1965)). The deliberate-encounter exception applies where the owner or occupier " 'has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent

14

risk.' " *Sollami*, 201 Ill. 2d at 15 (quoting Restatement (Second) of Torts §343A(1), Comment *f*, at 220 (1965)). The deliberate-encounter exception has most often been applied in cases involving some economic compulsion. *Sollami*, 201 Ill. 2d at 15 (citing *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 392 (1998)). As was the case in *Sollami*, where the Illinois Supreme Court found no duty on the part of an owner or occupier to provide warnings or supervision or prevent the use of a trampoline despite knowledge that teenagers were using it to perform rocket-jumping maneuvers, there is no evidence in the case at bar regarding the applicability of the distraction or deliberate-encounter exceptions.

The record makes clear that at the time of his injury, Zachary was just one month shy of his ninth birthday and was permitted to be at large and beyond the watchful eyes of his parents. The danger presented by "ramping" his bicycle on the four-foot-high dirt pile was the simple danger of falling from a height. Accordingly, established precedent holds that, as a matter of law, the danger was one that Zachary could reasonably be expected to understand and appreciate. See *Corcoran*, 73 Ill. 2d 316 (no duty on the part of an owner or occupier to a two-year-old child who fell into a ditch because the risk of falling into a ditch is one that children generally should be expected to recognize and appreciate); *Mt. Zion State Bank & Trust*, 169 Ill. 2d 110 (no duty on the part of an owner or occupier to a six-year-old boy who used a pedestal to climb over a fence and gain access to a pool; the pool was an obvious danger, and the risk associated with a pool is one that a child could reasonably be expected to appreciate); *Merkousko v. Janik*, 14 Ill. App. 3d 343 (1973) (no duty on the part of an owner or occupier to a seven-year-old boy who fell from a tree made accessible by a pile of dirt; the danger of falling should have been obvious to a child of the boy's age and experience); *Knapp v. City of Decatur*, 160 Ill. App. 3d 498 (1987) (no duty on the part of an owner or occupier to a six-year-old child who was injured while playing on a four-foot pile of sand; the danger of falling was a risk not beyond the appreciation of a six-

15

year-old child); *Salinas v. Chicago Park District*, 189 Ill. App. 3d 55 (1989) (no duty of an owner or occupier to a mentally retarded child who fell from a slide; the danger of falling off a slide was obvious to a child).

The sole fact upon which the majority bases its decision to circumvent the above-described, well-established law of Illinois is the fact that an agent of the Dad's Club had actual notice that Zachary was ramping his bicycle on the dirt pile and had in fact warned Zachary against the practice. According to the majority, these facts, as a matter of law, made Zachary's injury foreseeable and imposed a duty on the Dad's Club. This, again, is a flawed legal proposition. As explained above with regard to well-established Illinois Supreme Court precedent, the foreseeability-of-harm prong of a duty analysis is an objective test, not a subjective test. *Mt. Zion State Bank & Trust*, 169 Ill. 2d at 126. Accordingly, if the condition is open and obvious, it is irrelevant whether the landowner has actual knowledge that the child is on the premises and encountering the condition.

I also disagree with the majority's statement that we cannot reach beyond the certified question on appeal and address the additional problems with the circuit court's order granting a summary judgment in favor of the plaintiff on liability. It is well established that a reviewing court, in the interest of judicial economy, may go beyond the limits of a certified question and address the appropriateness of the order giving rise to the appeal. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 472 (1998) (citing *Bright v. Dicke*, 166 Ill. 2d 204, 208 (1995), and *Schrock v. Shoemaker*, 159 Ill. 2d 533, 537 (1994)). Here, the circuit court granted a summary judgment on all liability issues in favor of the plaintiff, leaving only the issue of damages for a trial. Contrary to the circuit court's statement in its order granting a summary judgment, and restatement by the majority, the record reflects that the defendant's motion for a summary judgment did not present the issue of a breach as an issue to be determined by a summary judgment. The defendant's motion for a summary judgment was

16

submitted on the issue of a duty only.

Although the certified question on appeal is limited to the question of whether the Dad's Club owed Zachary a duty, in order to grant a summary judgment in favor of the plaintiff, the circuit court, when it granted the summary judgment on liability and ordered the cause to proceed to a trial on damages only, necessarily found that there was no genuine issue of material fact with regard to whether the Dad's Club breached its duty to Zachary or whether the breach was the proximate cause of Zachary's injuries. Although a summary judgment is encouraged to aid the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). Where reasonable persons could draw divergent inferences from the undisputed material facts, a summary judgment should be denied and the issue decided by the trier of fact. *Espinoza*, 165 Ill. 2d at 114. The issues of breach and proximate cause are factual matters. *Thompson v. County of Cook*, 154 Ill. 2d 374, 382 (1993).

Here, the undisputed facts are that an agent of the Dad's Club verbally warned Zachary that he should not ramp his bicycle over the dirt pile and that if he continued to do so, he would be hurt. Assuming, for the sake of argument, that the Dad's Club had a duty of reasonable care to protect Zachary from the danger of ramping his bicycle over the dirt pile, reasonable persons may differ regarding whether the act of verbally warning Zachary was sufficient to discharge that duty. Thus, even if the Dad's Club owed Zachary a duty to protect Zachary from injuring himself, a summary judgment in favor of the plaintiff on liability was inappropriate.

In sum, the majority's disposition of this matter essentially overrules long-standing Illinois law regarding the duties of owners and occupiers of premises. In addition, the circuit court's order granting a summary judgment in favor of the plaintiff on the issue of liability contradicts our jurisprudence regarding the propriety of a summary judgment in negligence

17

cases.  Thus, I must respectfully dissent.  For the foregoing reasons, I would answer the certified question on appeal in the negative and reverse the order of the circuit court that granted a summary judgment for the plaintiff on the issue of liability.