No. 2--03--0873

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

 

STEVEN ALLEN, a Minor, by his Mother     ) Appeal from the Circuit Court of

and Next Friend, Gayle Linder, and     ) McHenry County.

GAYLE LINDER,     )

     ) 

Plaintiffs-Appellants,     )

     )

v.     ) No. 01--LA--374

     )

CHRISTINA MARTINEZ and MANUEL     ) 

MARTINEZ,     ) Honorable

     ) Maureen P. McIntyre,

Defendants-Appellees.     ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

The minor plaintiff, Steven Allen (plaintiff), was injured when he fell while jumping on a trampoline on the property of defendants, Christina and Manuel Martinez.  Plaintiff, by his mother and next friend, Gayle Linder, and Linder individually, sued defendants, alleging that defendants negligently failed to warn plaintiff of the danger, negligently failed to supervise plaintiff, and otherwise negligently failed to prevent the injury.  Defendants moved for summary judgment (735 ILCS 5/2--1005(c) (West 2002)), arguing that they owed plaintiff no duty because the danger was open and obvious.  The trial court granted the motion, and plaintiffs appeal.  On appeal, they argue that (1) the trial court erred in ruling that the obviousness of the risk negated any duty; and (2) the trial court improperly disregarded the opinion of plaintiff's expert that the danger of injury would not have been open and obvious to plaintiff.  We affirm.

On November 9, 1999, plaintiff, who was then 11 years old, was injured while jumping on a recreational trampoline in the yard of defendants' home.  At the time, defendant's son, Justin Martinez, and another boy, Brandon Rogers, were with plaintiff, but defendants were not.  Plaintiffs filed a two-count complaint seeking recovery for defendants' negligence and under the Rights of Married Persons Act (750 ILCS 65/15 (West 2000)).  Defendants moved for summary judgment.  They argued that under 
Sollami v. Eaton
, 201 Ill. 2d 1 (2002),
 they owed no duty to plaintiff because the risk of injury from using the trampoline was open and obvious.  

The motion attached plaintiff's deposition, in which he testified as follows.  Before November 9, 1999, he had never been on a trampoline, and all he had known about a trampoline was that "if you jump on it, you can go higher and it looked like fun."  It had not occurred to him that "you could get hurt."  On November 9, 1999, plaintiff, Justin, and Rogers went to defendants' house.  Eventually, Justin, Rogers, and plaintiff took turns jumping on the trampoline. When plaintiff got on, he started jumping straight up and down in the center of the trampoline.  On one jump, as he went up "real high," he lost his balance, fell, and  broke his arm.    

In response to the motion for summary judgment, plaintiffs argued that the danger of injury was not "open and obvious" and that even if it was, defendants still owed plaintiff a duty of care.  The response relied on the depositions of plaintiff, Justin, and Manuel Martinez, and on the affidavit of Donald McPherson. 

In his deposition, Justin testified that the trampoline was in the backyard, with a fence hiding it from the street.  On the day of the accident, the fence gate was locked, and Justin had not asked his father about using the trampoline.  Justin's deposition corroborated plaintiff's account of the accident.  In his deposition, Manuel Martinez testified that he routinely kept the fence gate locked so that people could not come into the yard and use the trampoline.  On the day of the accident, he had not given Justin or anyone else permission to use the trampoline. Manuel Martinez had told Justin that the trampoline was for the family only.

McPherson's affidavit
 summarized his background in participating in and coaching aerial gymnastics.  Since 1977, McPherson had "taught gymnastics safely [
sic
] to hundreds of children and young adults of all age groups, including eleven-year-olds."  His affidavit continued as follows.  A trampoline can cause grave injury when used improperly or without instruction from a trained professional.  A child who jumps without first ascertaining his or her abilities is at "grave risk" of  injury.  One possibility is that high jumping will cause mat reverberation, when a person's balance becomes "askew" and his or her feet do not hit the mat simultaneously.  This can propel the body into a position that increases the risk of injury.  In McPherson's professional opinion, a reasonable child of 11 who has not been taught by a qualified instructor would not understand the danger involved in jumping on a trampoline 

In granting defendants summary judgment, the trial court ruled that under 
Sollami
, the danger of injury from using a trampoline is open and obvious to a child of plaintiff's age.  Thus, defendants owed him no duty.  The court discounted McPherson's affidavit, commenting, "what does he know that gives him the ability to render that decision that 11 year olds cannot appreciate the risk of a trampoline?"  After the trial court denied plaintiffs' motion to reconsider, they timely appealed.

On appeal, plaintiffs assert that (1) summary judgment was improper because the risk of injury from the trampoline was not open and obvious; and (2) the trial court improperly discounted McPherson's affidavit, which in itself raises a genuine issue of fact about whether the danger from the  trampoline was open and obvious.  Defendants respond that this case is indistinguishable from 
Sollami
 and that, for various reasons, McPherson's opinion should not be considered.  We agree with defendants that 
Sollami
 controls and that defendants owed no duty.  We also hold that
 McPherson's opinion deserves no weight because it is in essence a conclusion of law and inconsistent with 
Sollami
.

We review 
de novo
 a grant of summary judgment.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992).  Summary judgment is proper when the pleadings, depositions, and other matters on file establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  
DeMarco v. Ecklund
, 341 Ill. App. 3d 225, 227 (2003).  Whether the defendant in a negligence case owes the plaintiff a duty is a question of law.  
Ziemba v. Mierzwa
, 142 Ill. 2d 42, 47 (1991).  For the reasons that follow, we hold that defendants did not owe plaintiffs a duty.  Thus, summary judgment for defendants was proper.

In 
Sollami
, the 15-year-old plaintiff jumped up and down in the center of a recreational trampoline.  Several other people simultaneously jumped on the perimeter in order to propel her higher than she could go on her own power.  While engaged in this "rocket jumping," the plaintiff was injured as she landed on the mat.  
Sollami
, 201 Ill. 2d at 4.  She sued the manufacturer of the trampoline and the owner of the property where she was injured.  The supreme court ruled that neither defendant owed the plaintiff a duty.

The court held first that the manufacturer had no duty to warn the plaintiff of the danger from jumping on a trampoline because the risk was open and obvious.  The existence of a duty did not depend on whether the particular plaintiff knew of the danger but on an "objective" test--whether an ordinary person would be aware of the risk.  
Sollami
, 201 Ill. 2d at 7.  The court reasoned that the danger of injury from jumping on a recreational trampoline is akin to that of falling from a height, a danger that the court had deemed "open and obvious to any child old enough to be allowed at large."  
Sollami
, 201 Ill. 2d at 14.  Thus, the manufacturer had no duty to warn the teenage plaintiff of the risks attendant on "rocket jumping" on a recreational trampoline.  
Sollami
, 201 Ill. 2d at 14.

The court next held that the property owner owed no duty to the plaintiff.  The court cited the general rule that a landowner is "not liable" for physical harm a person suffers from an open and obvious danger unless the landowner has reason to believe either that the person's attention will be distracted from the danger or that the person will reasonably proceed to encounter the obvious risk.  Neither exception applied.  
Sollami
, 201 Ill. 2d at 15, quoting Restatement (Second) of Torts §343A(1) (1965). 

This reasoning seems to imply that where a danger is open and obvious, there can be no duty unless a specified exception applies.  However, 
Sollami
 also states, "[d]etermining that the open and obvious doctrine applies does not end the inquiry regarding duty" and that a court must still consider (1) the reasonable foreseeability of injury; (2) the reasonable likelihood of injury; (3) the burden that guarding against injury places on the defendant; and (4) the consequences of placing that burden on the defendant.  
Sollami
, 201 Ill. 2d at 17.  Nonetheless, for all practical purposes, 
Sollami
 holds that if a danger is open and obvious, and neither exception applies, there is no duty.  Because the risk is obvious, the danger of injury is slight and the burden of guarding against it is unjustified.  Thus, the result of the four-factor test is a foregone conclusion.  See 
Sollami
, 201 Ill. 2d at 17-18.

Applying 
Sollami
 here, we conclude that defendants owed no duty.  The risk was comparable to that in 
Sollami
 and here, as plaintiffs concede, neither exception to the "open and obvious" doctrine applies.  We can conceive of only three ways to distinguish 
Sollami
, none of which we deem valid.  First, plaintiff here was only 11 years old, while the plaintiff in 
Sollami
 was 15 years old.  However, even were we to consider this distinction pertinent, the 
Sollami
 court plainly would not.  The court held that the danger from jumping on a trampoline is the same as that of falling from a height and thus "open and obvious to any child old enough to be allowed at large" (
Sollami
, 201 Ill. 2d at 14), 
e.g.
, plaintiff here.  

Second, the plaintiff in 
Sollami
 was "rocket jumping," which arguably posed a more obvious risk of injury than plaintiff's relatively modest solo jumping.  The 
Sollami
 court emphasized that the plaintiff was "rocket jumping," and the court specified that it is apparent that "injury may occur when two or more jumpers are jumping ***, as opposed to a single jumper."  
Sollami
, 201 Ill. 2d at 14.  However, the court also observed that the plaintiff had performed no unusual maneuvers.  More important, 
Sollami
's reasoning, taken as a whole, implies that the danger of falling is an obvious risk from even the most routine trampoline use.  Any trampoline jumping means being artificially propelled into the air, thus risking a fall from a height. Therefore, we do not think the duty question turns on the jumper's exact degree of upward mobility.

Finally, unlike the plaintiff in 
Sollami
, plaintiffs here submitted a purported expert's opinion that the danger from jumping on a trampoline is not open and obvious to a typical child of 11.  However, under 
Sollami
, McPherson's opinion--even if well supported--is irrelevant because, in essence, it is an answer to a question of law that 
Sollami
 gives our courts the prerogative to decide.  According to 
Sollami
, whether the risk from trampoline jumping is open and obvious is neither a factual question nor a scientific one.  In holding that the danger of "rocket jumping" is open and obvious to any child who is old enough to be allowed at large, the 
Sollami
 court did not cite empirical evidence or expert opinion.  Instead, it relied solely on what it viewed as common knowledge.  Whatever the merits of that approach, we must follow it.  Thus, the trial court did not err in discounting McPherson's opinion.  On our 
de novo
 review, we give no weight to McPherson's opinion.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

O'MALLEY, P.J., and GROMETER, J., concur.