916 N.E.2d 1153 (2009)
334 Ill.Dec. 265
Wasim QURESHI, as Father and Next Friend of Mehak Qureshi, a Minor, Plaintiff-Appellant,
v.
Junaid AHMED and Loretta Ahmed, Defendants-Appellees.
No. 1-08-0795.
Appellate Court of Illinois, First District, Third Division.
September 30, 2009.
*1154 Clancy Law Office, St. Charles (Wendell W. Clancy, of counsel); and Law Office of Robert G. Black, Naperville (Robert G. Black, of counsel), for Appellant.
Sanchez Daniels & Hoffman LLP, Chicago (Gerald M. Dombrowski), for Appellee.
*1155 Justice COLEMAN delivered the opinion of the court:
Plaintiff, Wasim Qureshi, appeals from an order of the circuit court of Cook County granting summary judgment to defendants, Junaid and Loretta Ahmed, in this negligence action for injuries his 10-year-old daughter Mehak sustained in a slip and fall on defendants' treadmill at their home. On appeal, plaintiff claims that the trial court erred in granting summary judgment because the evidence created a jury question as to whether the defendants owed a duty to protect plaintiff's daughter from the danger of the treadmill. Defendants contend that they owed no duty because the treadmill posed an open and obvious danger. For the reasons that follow, we reverse and remand for further proceedings.
The instant appeal presents a case of first impression in Illinois. Our courts have never considered whether a piece of home exercise equipment (i.e., a treadmill) poses an open and obvious danger to a child. Injury by fire, water, and falling from heights are considered open and obvious dangers, appreciable by very young children, as a matter of law. Mt. Zion State Bank & Trust v. Consolidated Communications, Inc., 169 Ill.2d 110, 118, 214 Ill.Dec. 156, 660 N.E.2d 863 (1995).

BACKGROUND
On September 25, 2005, Mehak Qureshi sustained injuries to her hands when she slipped and fell while operating a treadmill at the home of Junaid and Loretta Ahmed. Mehak is the 10-year-old daughter of plaintiff Wasim Qureshi. The Qureshi family were friends and fellow mosque members with the Ahmed family. The Ahmeds' daughter Huda was a close friend of Mehak. The two girls and their siblings often visited each others homes, sometimes spending the night.
An overnight visit was arranged to take place on Saturday, September 24, 2005. Mehak, Huda, their respective siblings and several cousins spent the night in sleeping bags in the Ahmeds' living room. The T.V. room which contained the treadmill was located next to the living room. Huda had shown the treadmill to Mehak twice before, demonstrating how it worked at full speed.
No parents were present at either time. After waking up on Sunday morning, Mehak, who turned 10-years-old on that same date, asked Huda if she could use the treadmill. When Huda said it was okay, Mehak went to the treadmill and started it with the key hanging on the treadmill on a black string. Mehak had used a treadmill in her own home without incident. Although the other girls had raced on the treadmill when it was set on speeds of 11 and 13 mph, Mehak began moving at a speed of three mph and pushed it up to a seven. It was at this point that her foot slipped and she fell. When she tried to break her fall with the right hand, her hand got caught in between the base of the treadmill and the moving belt. The treadmill belt did not stop turning as it would only stop upon turning the key. Her hand was "de-gloved" and required surgery including skin grafts, multiple stitches, and ongoing physical therapy.
Plaintiff filed a complaint in negligence seeking damages against Junaid and Loretta Ahmed for the injuries suffered by his daughter Mehak. Plaintiff specifically alleged that the Ahmeds owed Mehak a duty to protect her from harm and that an accessible treadmill in their home presented an unreasonable risk of harm. Plaintiff contended that the lack of adult supervision, failure to provide instruction, and failure to secure the treadmill from the use *1156 of curious children breached their duty and led to Mehak's fall.
Defendants filed a motion for summary judgment arguing that there was no genuine issue of material fact as to the element of duty. After hearing argument on the motion, the circuit court granted defendants' motion for summary judgment without explanation. Plaintiff appeals that ruling. For the reasons discussed below, we reverse and remand for further proceedings.

DISCUSSION
Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (West 2006). When deciding on a motion for summary judgment, courts consider all of the evidence presented in the light most favorable to the nonmoving party. Purtill v. Hess, 111 Ill.2d 229, 240, 95 Ill.Dec. 305, 489 N.E.2d 867 (1986). The plaintiff is not required to prove her case at the summary judgment stage. Helms v. Chicago Park District, 258 Ill.App.3d 675, 679, 196 Ill.Dec. 851, 630 N.E.2d 1016 (1994). Summary judgment is a drastic measure that should only be allowed when the right of the moving party is clear and free from doubt. Purtill, 111 Ill.2d at 240, 95 Ill.Dec. 305, 489 N.E.2d 867. A motion for summary judgment is reviewed de novo. Williams v. Manchester, 228 Ill.2d 404, 417, 320 Ill.Dec. 784, 888 N.E.2d 1 (2008).
In the instant case, the trial court granted summary judgment in favor of defendants, finding that they had no duty. Generally, in premises liability cases, the duty owed by a property owner to invitees is one of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on the property. 740 ILCS 130/2 (West 2006). The existence of a duty is a question of law. LaFever v. Kemlite Co., 185 Ill.2d 380, 388-89, 235 Ill.Dec. 886, 706 N.E.2d 441 (1998). Since 1955 when our supreme court decided Kahn v. James Burton Co., the liability of owners and occupiers of land upon which a child is injured has been determined with reference to the customary rules of ordinary negligence. Corcoran v. Village of Libertyville, 73 Ill.2d 316, 326, 22 Ill.Dec. 701, 383 N.E.2d 177 (1978), citing Kahn v. James Burton Co., 5 Ill.2d 614, 624, 126 N.E.2d 836 (1955).
Under Kahn and its progeny, a duty, which would not be imposed in ordinary negligence, will be imposed upon the owner or occupier of land only if such a person knows or should know that children frequent the premises and if the cause of the child's injury was a dangerous condition on the premises. See, e.g., Mt. Zion, 169 Ill.2d at 116-17, 214 Ill.Dec. 156, 660 N.E.2d 863; Corcoran, 73 Ill.2d at 326, 22 Ill.Dec. 701, 383 N.E.2d 177. Here, there is no question that children frequented the Ahmeds' home. The issue here relates to the presence of a "dangerous condition." A dangerous condition is "one which is likely to cause injury to the general class of children who, by reason of their immaturity, might be incapable of appreciating the risk involved." Corcoran, 73 Ill.2d at 326, 22 Ill.Dec. 701, 383 N.E.2d 177.
The line of reasoning following Kahn, however, does not mean that the law imposes a duty on owners and occupiers of land to remedy conditions that pose obvious risks that children generally would be expected to appreciate and avoid. Mt. Zion, 169 Ill.2d at 117, 214 Ill.Dec. 156, 660 N.E.2d 863; Corcoran, 73 Ill.2d at 326, 22 Ill.Dec. 701, 383 N.E.2d 177. It is the reasonable foreseeability of harm that determines liability in negligence actions involving children. Cope v. Doe, 102 Ill.2d *1157 278, 286, 80 Ill.Dec. 40, 464 N.E.2d 1023 (1984). "While certainly there are latent dangers that a child would not appreciate due to his minority, a possessor of land is free to rely upon the assumption that any child old enough to be allowed at large by his parents will appreciate certain obvious dangers or at least make his own intelligent and responsible choice concerning them." Mt. Zion, 169 Ill.2d at 117, 214 Ill.Dec. 156, 660 N.E.2d 863; W. Keeton, Prosser & Keeton on Torts, § 59, at 407 (5th ed. 1984). A danger is considered "obvious" if the condition and the attendant risk of harm are apparent to and would be recognized by a reasonable person or child exercising ordinary perception, intelligence, and judgment. Restatement (Second) of Torts § 343A, Comment b (1965). "When a child is injured, however, courts recognize that it may be foreseeable that the child, due to immaturity, will not fully appreciate the risk involved in encountering what to an adult is an open and obvious danger. * * * The test is whether a typical child who is old enough to be at large would lack the maturity to understand and appreciate the risk involved, therefore making it foreseeable that a typical child might be injured." Grant v. South Roxana Dad's Club, 381 Ill.App.3d 665, 670, 319 Ill.Dec. 780, 886 N.E.2d 543 (2008).
As previously noted, injuries resulting from fire, water, or heights are generally considered open and obvious dangers that are appreciable even by very young children. See Mt. Zion, 169 Ill.2d at 118, 214 Ill.Dec. 156, 660 N.E.2d 863; Restatement (Second) of Torts § 339, Comment j (1965). "The issue in cases involving obvious dangers, like fire, water or height, is not whether the child does in fact understand, but rather what the possessor may reasonably expect of him." Mt. Zion, 169 Ill.2d at 120, 214 Ill.Dec. 156, 660 N.E.2d 863, citing W. Keeton, Prosser & Keeton on Torts, § 59, at 407 (5th ed. 1984); M. Polelle & B. Ottley, Illinois Tort Law § 16.11 (2d. 1994). The test is an objective one based in part on the idea that parents bear the primary responsibility for safeguarding their children and it is reasonable to expect that a child who is permitted to be at large, beyond the watchful eye of his parents, can appreciate certain particular dangers. Mt. Zion, 169 Ill.2d at 126-27, 214 Ill.Dec. 156, 660 N.E.2d 863.
The ability of children to appreciate the danger is not the only issue in determining whether a duty exists. "In order to find that a landholder owes a duty to a child injured on its premises, a court must also find that (1) a dangerous condition exists on the property, (2) it is reasonably foreseeable that children would be present on the premises, and (3) the risk of harm to children outweighs the burden of removing the danger." Grant, 381 Ill. App.3d at 670, 319 Ill.Dec. 780, 886 N.E.2d 543, citing Mt. Zion, 169 Ill.2d at 116-17, 214 Ill.Dec. 156, 660 N.E.2d 863, citing Kahn, 5 Ill.2d at 625, 126 N.E.2d 836.
Resolution of the instant case requires this court to first determine whether the treadmill posed an open and obvious risk of danger. The Illinois Supreme Court has treated the applicability of the open and obvious doctrine as a threshold issue before reaching an analysis of the traditional factors used to evaluate whether the law will impose a duty of reasonable care. See Bucheleres v. Chicago Park District, 171 Ill.2d 435, 455-56, 216 Ill.Dec. 568, 665 N.E.2d 826 (1996). In order to make that determination, the precise nature of the risk posed by the treadmill must be articulated. Case law provides little guidance in this regard.
The present case does not involve injury by fire, water, or falling from heights. Application of the open and obvious doctrine *1158 to situations other than fire, water, and heights is unclear at best. See Sollami v. Eaton, 201 Ill.2d 1, 18-19, 265 Ill.Dec. 177, 772 N.E.2d 215 (2002) (Harrison, C.J., dissenting).
Illinois courts have had numerous occasions to apply the open and obvious doctrine in cases involving, fire, water, and heights; especially plentiful are cases involving trampolines. See, e.g., Murray v. Chicago Youth Center, 224 Ill.2d 213, 309 Ill.Dec. 310, 864 N.E.2d 176 (2007); Sollami v. Eaton, 201 Ill.2d 1, 265 Ill.Dec. 177, 772 N.E.2d 215 (2002); Allen v. Martinez, 348 Ill.App.3d 310, 284 Ill.Dec. 241, 809 N.E.2d 807 (2004); Ford v. Nairn, 307 Ill.App.3d 296, 240 Ill.Dec. 432, 717 N.E.2d 525 (1999); Johnson v. Decatur Park District, 301 Ill.App.3d 798, 235 Ill.Dec. 67, 704 N.E.2d 416 (1998); AMF, Inc. v. Victor J. Andrew High School, 172 Ill.App.3d 337, 122 Ill.Dec. 325, 526 N.E.2d 584 (1988); Fallon v. Indian Trail School, 148 Ill.App.3d 931, 102 Ill.Dec. 479, 500 N.E.2d 101 (1986). Any danger posed by a treadmill is different in kind from danger posed by either fire or water. Likewise, the trampoline cases all involve falls from heights and thus are of limited use in the evaluation of whether a treadmill poses an open and obvious danger. There does not appear from the case law to be a test used for determining obviousness of a risk. Illinois courts have stated at various times that whether a condition presents an open and obvious danger is a question of fact (see Deibert v. Bauer Brothers Construction Co., 141 Ill.2d 430, 441, 152 Ill.Dec. 552, 566 N.E.2d 239 (1990); Ward v. K mart Corp., 136 Ill.2d 132, 156, 143 Ill.Dec. 288, 554 N.E.2d 223 (1990); Duffy v. Togher, 382 Ill.App.3d 1, 11, 320 Ill.Dec. 391, 887 N.E.2d 535 (2008); Simmons v. American Drug Stores, Inc., 329 Ill.App.3d 38, 43, 263 Ill.Dec. 286, 768 N.E.2d 46 (2002); Perri v. Furama Restaurant, Inc., 335 Ill.App.3d 825, 832, 269 Ill.Dec. 834, 781 N.E.2d 631 (2002); Buchaklian v. Lake County Family Young Men's Christian Ass'n, 314 Ill.App.3d 195, 202, 247 Ill.Dec. 541, 732 N.E.2d 596 (2000); Jackson v. TLC Associates, Inc., 185 Ill.2d 418, 424, 235 Ill.Dec. 905, 706 N.E.2d 460 (1998); Klen v. Asahi Pool, Inc., 268 Ill.App.3d 1031,1044, 205 Ill.Dec. 753, 643 N.E.2d 1360 (1994); Pullia v. Builders Square Inc., 265 Ill.App.3d 933, 939, 202 Ill.Dec. 820, 638 N.E.2d 688 (1994)), and also treated it as part of the duty analysis and thus a question of law (see Blue v. Environmental Engineering, Inc., 215 Ill.2d 78, 293 Ill.Dec. 630, 828 N.E.2d 1128 (2005)). Under either analysis, it seems to be a fact-intensive inquiry examining the use of the instrument by a reasonable person. See Sollami, 201 Ill.2d at 14, 265 Ill.Dec. 177, 772 N.E.2d 215 (citing the use of the trampoline in disregard of the warnings as a factor in determining the obviousness of the risk).
A search for cases in other jurisdictions addressing this issue revealed two cases involving children injured on treadmills: Young v. Wal-Mart Stores, Inc., 209 Ga. App. 199, 433 S.E.2d 121 (1993), and an unpublished opinion from the Nebraska Court of Appeals involving an injury to a minor nearly identical to the one here. Neither of these cases resolves the specific legal question at issue here.
In Young, an eight-year-old child was injured when she fell after stepping on a treadmill displayed in a store. The child cut her knee on one of the angle irons, located on each side of the tread. The angle irons were not jagged or uneven and thus one could not tell by mere observation that an injury such as the one that occurred could, and would, occur. The trial court granted summary judgment in favor of the defendant and the appellate court affirmed because the store did not breach its duty to protect the plaintiffs from an *1159 unreasonable risk of harm while on its premises. The court found that the record contained no evidence that the treadmill was a "dangerous instrumentality" or that it exposed the child to an unreasonable risk of harm, and that the store had no actual knowledge of any danger associated with the treadmill. Young, 209 Ga.App. at 201, 433 S.E.2d 121.
In the case at bar, both parties focus on the subjective understanding of Mehak, rather than what a typical 10-year-old can reasonably be expected to understand and appreciate. Defendants make much of Mehak's supposed experience with treadmills. While Mehak's subjective knowledge about treadmills might be relevant to allegations of contributory negligence, it is not material to a determination of the Ahmeds' duty as a matter of law in the first instance. As Illinois courts have reiterated on several occasions, "`[t]he issue in cases involving obvious dangers * * * is not whether the child does in fact understand, but rather what the possessor may reasonably expect'" of the child. Bucheleres v. Chicago Park District, 171 Ill.2d 435, 457, 216 Ill.Dec. 568, 665 N.E.2d 826 (1996), quoting Mt. Zion, 169 Ill.2d at 126, 214 Ill.Dec. 156, 660 N.E.2d 863. The test is objective. Bucheleres, 171 Ill.2d at 457, 216 Ill.Dec. 568, 665 N.E.2d 826. "The focus, in determining whether a hazard is foreseeable, is on the landowner's knowledge or what the landowner should have known. `The Restatement directs that with regard to open and obvious hazards, liability stems from the knowledge of the possessor of the premises, and what the possessor "ha[d] reason to expect" the invitee would do in the face of the hazard.'" Buerkett v. Illinois Power Co., 384 Ill.App.3d 418, 423, 323 Ill.Dec. 430, 893 N.E.2d 702 (2008), quoting LaFever, 185 Ill.2d at 392, 235 Ill.Dec. 886, 706 N.E.2d 441, quoting Restatement (Second) of Torts § 343A, Comment f, at 220 (1965).
There is deposition testimony from Mehak that she had used the Ahmeds' treadmill once the previous day. She also testified that there was a treadmill in her home but that the emergency stop mechanism functioned differently. On the Qureshis' treadmill, there was an emergency stop button on the control panel, rather than a key to remove. Mehak further testified that she, Huda, and her sister were having a racing contest on the Ahmeds' treadmill the previous day. The next morning, Mehak got on the treadmill prior to her accident in order to practice and win the contest. While these facts could support the inference that Mehak knew how to use a treadmill, these same facts also indicated that the children were playing on the treadmill and using it as a toy rather than a piece of adult fitness equipment.
Without articulating the precise danger posed by a treadmill, this court cannot assess whether such a danger would be open and obvious to a child. The danger may involve speed or complex instrumentality or a combination of speed and machinery or neither. As the present case and the case from Georgia illustrate, the injuries to children involving use of a treadmill can result from different situations. In Young, there was no speed involved with the child's injury; she fell and cut her knee on part of the frame while the treadmill was turned off. Here, the child was running on the treadmill, but injured her hand, not her leg and required surgery, skin grafts, and physical therapy. Moreover, the safety mechanisms vary from one treadmill to another. Potential injuries also vary greatly in severity from minor contusions to serious burns and abrasions requiring surgery and skin grafts. Here, neither the defendants nor the trial court expressly describes the risk *1160 of harm posed by a treadmill, they simply conclude that the risk is obvious. Without a clearly articulable danger, and with considerable dispute as to the obviousness of that danger to a child, summary judgment was not proper and we cannot conclude as a matter of law that no duty existed because the risk of harm posed by that danger was open and obvious.
Even if we found that a treadmill poses an open and obvious danger, the existence of an open and obvious condition is not a per se bar to the finding of a legal duty. Bucheleres, 171 Ill.2d at 449, 216 Ill.Dec. 568, 665 N.E.2d 826. Application of the open and obvious doctrine does not mean that the duty of reasonable care owed by an owner or occupier of land never extends to conditions which are known or obvious. Bucheleres, 171 Ill.2d at 450, 216 Ill.Dec. 568, 665 N.E.2d 826; Ward, 136 Ill.2d 132, 143 Ill.Dec. 288, 554 N.E.2d 223. Even if the court finds that a danger is open and obvious, the court still applies the four traditional factors in the duty analysis. Jackson, 185 Ill.2d at 423, 235 Ill.Dec. 905, 706 N.E.2d 460; Bucheleres, 171 Ill.2d at 445-47, 216 Ill.Dec. 568, 665 N.E.2d 826. Illinois courts generally consider the following four factors as determinative on the issue of duty: (1) the reasonable likelihood of the injury; (2) the reasonable foreseeability of the plaintiff's injury; (3) the magnitude of the defendant's burden of guarding against the injury; and (4) the consequences of placing that burden on the defendant. LaFever, 185 Ill.2d at 389, 235 Ill.Dec. 886, 706 N.E.2d 441.
Generally, the law considers the likelihood of injury slight when the condition in issue is open and obvious because it is assumed that persons encountering the potentially dangerous condition of the land will appreciate and avoid the risks. Bucheleres, 171 Ill.2d at 456, 216 Ill.Dec. 568, 665 N.E.2d 826. Conversely, if a danger is concealed or latent, rather than open and obvious, the likelihood of injury increases because people will not be as readily aware of latent danger. Bucheleres, 171 Ill.2d at 456, 216 Ill.Dec. 568, 665 N.E.2d 826. "Similarly, the foreseeability of harm to others may be greater or lesser depending on the degree of obviousness of the risks associated with the condition." Bucheleres, 171 Ill.2d at 456, 216 Ill.Dec. 568, 665 N.E.2d 826.
First we consider the likelihood of Mehak's injury. The Ahmeds argue, citing Sollami, that this factor carries little weight because, once the risk is determined to be open and obvious, it is reasonable for the landowner to assume that the risk will be appreciated and avoided. See Sollami, 201 Ill.2d at 17, 265 Ill.Dec. 177, 772 N.E.2d 215. While Sollami is correctly cited for this proposition, here, we consider that Mehak was 10 years old, rather than a teenager as the minor in Sollami, and despite defendants' arguments to the contrary, there is evidence that they did not assume that children would appreciate and avoid the risk. To the contrary, both Junaid Ahmed and Loretta Ahmed testified that their daughter Huda was prohibited from using the treadmill without their permission and presence. The Ahmeds further testified that the treadmill could not function without the key and that they usually kept the key in a kitchen drawer away from the treadmill. Thus, it is clear that the Ahmeds believed injuries to children were likely and that children would not appreciate and avoid the risk.
The reasonable foreseeability of the injury also weighs in favor of imposing a duty. The Ahmeds testified in their depositions that they had rules restricting children's use of their treadmill. The fact that they thought to impose rules prohibiting use of the treadmill without supervision *1161 implies that an injury was foreseeable. Moreover, there is deposition testimony that a child was injured by falling on the Ahmeds' treadmill prior to Mehak's injury, although defendants denied that anyone else had ever been injured. It is also reasonably foreseeable that children of Mehak's age, especially in groups, would engage in playful and unpredictable behavior such as racing on the treadmill and injure themselves.
The two remaining factorsthe magnitude of the burden of imposing the duty and the consequences of imposing the dutyalso favor imposing a duty on the defendants. The magnitude of the burden is slight. The Ahmeds concede this point in their depositions where they testify to simple restrictions on the use of the treadmill, i.e., removing the ignition/safety key and putting it in a secure location and prohibiting use of the treadmill by children without adult supervision. The consequences of imposing a duty are equally negligible. Imposing such a duty would result in a minor inconvenience to the defendants, who would have to retrieve the key to use the treadmill and secure the key again once they are finished using it or store the treadmill in a location inaccessible to children.
Duty is also shaped by public policy considerations. LaFever, 185 Ill.2d at 388, 235 Ill.Dec. 886, 706 N.E.2d 441. Home gyms with equipment such as treadmills are becoming increasingly popular. Undoubtedly, the number of injuries will increase proportionately to the numbers of treadmills in homes.[1] With the proliferation of home exercise equipment, proper instruction and supervision will become ever more important to ensure the safety of children.
Based on the foregoing, we hold that the trial court erred by granting summary judgment and we cannot conclude as a matter of law that defendants owed no duty based on the open and obviousness of the danger posed by a treadmill. Therefore, we reverse and remand for further proceedings.
Reversed and remanded.
MURPHY and QUINN, JJ., concur.
NOTES
[1] The United States Consumer Product Safety Commission (CPSC) published a warning, most recently on June 2, 2009, estimating that over 25,000 children are injured every year with exercise equipment. The CPSC warns parents to keep children away from exercise equipment and store and lock equipment when it is not in use.