**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190066-U

Order filed February 19, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| BOBBIE HOLDER, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| TINI TOTS DAY CARE CENTER, | ) | Appeal No. 3-19-0066 |
| FLORENCE RANSOM, WESLEY HELM, | ) | Circuit No. 17-L-423 |
| DELORIS HELM, AND UNKNOWN | ) | |
| OWNERS, MANAGERS, OPERATORS, | ) | |
| OR AGENTS, | ) | Honorable |
| | ) | Raymond E. Rossi, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The trial court properly granted summary judgment in favor of defendants.

¶ 2    Plaintiff, Bobbie Holder, brought a negligence action against defendants, Tini Tots Day

Care Center, Florence Ransom, Wesley Helm, Deloris Helm, and unknown owners, managers,

operators, or agents, to recover damages sustained by plaintiff on the defendants' business premises. The trial court granted defendants' motion for summary judgment. Plaintiff appeals.

¶ 3                                                    I. FACTS

¶ 4         On May 18, 2017, plaintiff filed a five-count complaint alleging that defendants' negligence resulted in plaintiff sustaining injuries following a fall on a stairway at the Tini Tots Day Care Center (Tini Tots), defendants' place of business. Plaintiff alleged that on May 19, 2015, he was a business invitee at Tini Tots for the purpose of picking up his granddaughter.

¶ 5         Plaintiff's complaint alleged that defendants breached their duty of care to plaintiff in that defendants: (1) failed to provide a good, safe, and proper place for plaintiff to use, occupy, and walk upon while in the common areas, including within the stairs of the subject property; (2) negligently and carelessly allowed poor lighting or none at the time of the incident; (3) failed to warn plaintiff and others of an unsafe and dangerous condition; (4) failed to inspect the area of the occurrence; and (5) failed to provide a handrail for the stairway. Plaintiff alleged that defendants knew of or should have known of these dangerous conditions and that defendant suffered an injury as a direct and proximate result of one or more of the stated negligent acts or omissions. Defendants filed an answer to plaintiff's complaint on September 1, 2017, denying defendants' claims, among other things.[1]

¶ 6         On October 17, 2018, defendants filed a motion for summary judgment. Defendants asserted that they were entitled to a judgment in their favor as a matter of law since the undisputed material facts did not establish a *prima facie* case of negligence. Specifically, defendants argued the undisputed facts set forth in the record revealed the stairway constituted an open and obvious condition that was not defective or dangerous, thus defendants owed no duty of care to plaintiff.

_____

[1]Plaintiff voluntarily non-suited Florence Ransom on October 4, 2017.

Further, defendants claimed they had no prior notice of an allegedly dangerous condition involving the stairway. In support of their motion for summary judgment, defendants attached plaintiff's responses to defendants' interrogatories, the incident report completed on the date of plaintiff's fall, several photographs of the stairway, and multiple deposition transcripts.

¶ 7    During his deposition, plaintiff explained that on May 19, 2015, he arrived at Tini Tots at around 5 p.m. to pick up his two-year-old granddaughter. Once inside, a Tini Tots worker brought plaintiff downstairs to the area where his granddaughter was located. Plaintiff did not see the caution sign on the door to the stairway.

¶ 8    Plaintiff explained that there were three steps going down to where his granddaughter waited. As he travelled down approximately three stairs, nothing about the stairs concerned plaintiff. Plaintiff had no problem walking down the stairs. Plaintiff stated that it was kind of dark when he went down the stairs and that he put his hand on the wall to go down the stairs, but he could see his feet and there was enough light for plaintiff to see what lay ahead. Plaintiff testified that if he felt the stairs were dangerous or the lighting in the stairway was inadequate, he would have alerted defendants.

¶ 9    After reaching his granddaughter, plaintiff helped her put on her coat and followed directly behind her as she successfully traversed the stairs on her own. Plaintiff explained that he was watching his granddaughter as he climbed up the stairs, but nothing was blocking his view of each stair, including the top landing. As plaintiff planted his right foot on the top landing, his left flip-flop sandal caught the lip of the top step, and he fell forward. Plaintiff stated that his fall forward was not caused by any substance on the step.

¶ 10    Plaintiff landed on his left side, and the left side of his face hit the ground. Plaintiff's entire body fell on the top landing. The fall caused plaintiff to fracture his right hip. Plaintiff was not aware of any prior complaints or incidents concerning the premises.

¶ 11    The discovery depositions of Deloris Helm, the owner of Tini Tots, and Jessica Majerus, the director of Tini Tots at the time, were attached to defendants' motion for summary judgment. Helm testified that despite daily use, no person had fallen on the stairway during the 18 years Helm operated Tini Tots, including staff and hundreds of young children. Helm stated that a handrail was in place next to the stairs on the date in question. Helm agreed with plaintiff's counsel that there was a handrail on the left side of the stairs when looking up the stairs. Photographs in the record are consistent with Helm's testimony pertaining to the existence and location of the handrail.

¶ 12    According to Majerus's deposition testimony, she escorted plaintiff up and down the stairway on the date in question. After Majerus walked up the stairs ahead of plaintiff, she heard plaintiff fall behind her. Majerus notified and then retrieved plaintiff's wife from the car. At that time, plaintiff's wife remarked to Majerus that plaintiff was not supposed to be walking because he had received an injection that day. Both Helm and Majerus stated that despite inspections, neither DCFS, the Lockport Fire Department, or the Illinois State Fire Marshal recommended any changes to the stairway area, other than the installation of a gate.

¶ 13    Plaintiff's response to defendants' motion for summary judgment argued there is no dispute that his attention was entirely focused on his young granddaughter as she was simultaneously ascending the stairway just ahead of plaintiff. Consequently, plaintiff urged the trial court to deny summary judgment because the pleadings, affidavits, depositions, and admissions at the very least established that defendants owed a duty of care to plaintiff based on the distraction exception to

4

the open and obvious doctrine. Since defendants owed plaintiff a duty of care resulting from the undisputed distraction, the issue of whether defendants breached their duty of care was a question to be decided by the trier of fact.

¶ 14   Plaintiff also attached the affidavit of Gene Litwin, an engineer and trip and fall accident expert, to his response to defendants' motion for summary judgment. Litwin's affidavit provided that during his inspection he noticed the stairway appeared to have previously functioned as an exterior stairway and that the light fixture at the top of the stairway was an outdoor light fixture. Litwin stated that the threshold of the interior door at the top of this stairway was constructed differently than most thresholds. He noted that the interior doorway transition from the landing to the threshold was two and 3/8 inches, and interior doorway transitions are generally much lower. According to Litwin, this unusual threshold resulted in a doorway transition that created an unexpected hazard. Litwin added that additional, readily visible, posted warning signs may have been helpful. Litwin did not conclude in his affidavit that there was a defect or specific danger associated with the stairway.

¶ 15   On January 3, 2019, the trial court conducted a hearing on defendants' motion for summary judgment. Plaintiff argued that it was disputed whether the conditions present in the stairway were open and obvious and that even if the stairway was an open and obvious condition, the distraction exception applied. Following arguments, the trial court ruled as follows:

> "THE COURT: *** There is no evidence of a defect with the stairs and the allegations of an alleged dangerous condition are unsubstantiated. [Defendants] did not owe a duty pursuant to the open and obvious doctrine, pursuant to traditional tort analysis and pursuant to the notice requirement that's inherent. I'm going to grant summary judgment."

5

¶ 16 On February 1, 2019, plaintiff filed a timely notice of appeal.

¶ 17 II. ANALYSIS

¶ 18 On appeal, plaintiff argues the trial court erred by granting defendants' motion for summary judgment because genuine issues of material fact remain present and because defendants owed plaintiff a duty of care pursuant to a traditional negligence analysis. Defendants argue that the trial court properly granted summary judgment in favor of defendants.

¶ 19 At the outset, we address defendants' somewhat strained forfeiture argument predicated on Illinois Supreme Court Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). According to defendants, by challenging only the trial court's ruling on the distraction exception to an open and obvious condition on appeal, plaintiff has forfeited his right to appeal the trial court's grant of summary judgment based on the trial court's alternative rationale that the stairway was defect free and that defendants lacked the requisite notice of an inherently dangerous condition.

¶ 20 First, we note that the term defect is wholly absent from plaintiff's complaint. Second, notice of a condition, whether actual or constructive, is only dispositive in terms of summary judgment where a defect or dangerous condition exists. See *Hanna v. Creative Designers, Inc.*, 2016 IL App (1st) 143727, ¶¶ 33-35. It appears to this court that the trial court unintentionally broadened its holding to consider notice where such a conclusion was at odds with the trial court's finding that no defect or dangerous condition existed. Ultimately, plaintiff has exhaustively argued that defendants owed plaintiff a duty of care both in the trial court and on appeal. Thus, we reject the notion of forfeiture here and turn to the issue of whether the trial court erroneously granted summary judgment in favor of defendants.

¶ 21 Summary judgment is proper where the pleadings, affidavits, depositions and admissions of record, show that there is no genuine issue as to any material fact and that the moving party is

6

entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). The moving party bears the initial burden of production to (1) demonstrate to the trial court that some element of the case must be resolved in its favor, or (2) establish that there is a lack of evidence to support the nonmoving party's case. *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 624 (2007). Once the moving party satisfies this initial burden, the burden shifts to the nonmoving party to come forward with some factual basis that would arguably entitle it to a favorable judgment. *Id.* The nonmoving party must then present the evidence it has—it is the moment in a lawsuit where one must "put up or shut up*." Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 14. The nonmoving party cannot simply rest on his or her pleadings to raise genuine issues of material fact. *Triple R Development, LLC v. Golfview Apartments I, L.P.*, 2012 IL App (4th) 100956, ¶ 12. For purposes of this appeal, our task is to review *de novo* whether the facts are truly undisputed and support the trial court's grant of summary judgment. *Seymour v. Collins*, 2015 IL 118432, ¶ 42.

¶ 22 Generally, business operators owe their invitees a duty to exercise reasonable care to maintain their premises in a reasonably safe condition for the use of invitees. *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 141 (1990). However, the open and obvious doctrine creates an exception to this general duty of care owed by the landowner and provides that landowners are not liable to their invitees for harm caused to them by any action or condition on the land whose danger is known or obvious to them. *Alqadhi v. Standard Parking, Inc.*, 405 Ill. App. 3d 14, 17 (2010); see *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 16. Where a dispute exists regarding the physical nature of the condition, the question of whether the condition is open and obvious is a factual one. *Alqadhi*, 405 Ill. App. 3d at 17-18.

¶ 23 Plaintiff first contends the trial court erred in granting defendants' motion for summary judgment because the facts are disputed with regard to whether the stairway in question constituted

7

an open and obvious condition. Plaintiff posits that the parties are in disagreement about the adequacy of the lighting of the stairway, the visibility of the warning signage, and the presence of a handrail, all being conditions that distorted or diminished the open and obvious nature of this particular stairway. In response, defendants argue the undisputed facts support the theory that the signage, handrail, and lighting did not render this particular stairway as anything other than open and obvious. We agree.

¶ 24  Plaintiff testified during his deposition that he did not observe the posted caution sign, and the photographs confirm that the sign would not be visible if the door at the top of the stairway were open, or to a person travelling up the stairs. Plaintiff further indicated that he could see his feet while traversing the stairway and that there was enough light for him to see each step and what lay ahead. Plaintiff asserted that if he thought the lighting was inadequate, or that the stairway was dangerous, he would have alerted defendants. Further, the photographs attached to defendants' motion for summary judgment confirm the existence of a handrail.

¶ 25  The pleadings, affidavits, exhibits, depositions, and admissions on file reveal that the undisputed facts establish the signage was present but not visible, a handrail was available, and the lighting on the stairway was adequate. Hence, we conclude the physical nature of the stairway was undisputed. Since no genuine factual dispute as to the physical nature of the stairway existed, the question of whether the stairway constituted an open and obvious condition becomes a legal question for the court. *Wilfong v. L.J. Dodd Construction*, 401 Ill. App. 3d 1044, 1053 (2010).

¶ 26  Whether a condition is obvious is determined by the objective knowledge of a reasonable person, not plaintiff's subjective knowledge. *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 203 (2000). The photographs present in this record indicate a stairway comprised of two stairs and a top landing, which arguably counts as a third stair.

8

Plaintiff testified that he clearly viewed the stairway on the date in question, and we find that the existence of this stairway would be immediately obvious to any person inside of the Tini Tots premises. Based on our careful review of this record, we conclude the stairway was open and obvious in nature. Defendants' motion for summary judgment clearly demonstrated to the trial court that the stairway in this case constituted an open and obvious condition exception, but our analysis does not end there.

¶ 27      The application of the open and obvious doctrine is not a *per se* bar to the finding of a legal duty. *Qureshi v. Ahmed*, 394 Ill. App. 3d 883, 891 (2009) Despite the conclusion that the stairway was open and obvious, this court is still obligated to conduct a traditional duty analysis. *Id.*

¶ 28      To determine whether a duty exists, Illinois courts generally consider: (1) the foreseeability that the defendant's conduct will result in injury to another; (2) the likelihood of injury; (3) the magnitude of guarding against the injury; and (4) the consequences of placing that burden on the defendant. *Curatola v. Village of Niles*, 154 Ill. 2d 201, 214 (1993). Our supreme court has held that the presence of an open and obvious condition, as is the case here, greatly influences the first two elements of this traditional duty analysis, namely, the foreseeability and likelihood of injury prongs. *Sollami v. Eaton*, 201 Ill. 2d 1, 17 (2002). Thus, where the condition is open and obvious, both defendant's ability to foresee injury and the likelihood of injury are slight. *Id.*

¶ 29      Since defendants adequately demonstrated the open and obvious nature of the stairway such that they owed no duty to plaintiff, the burden shifted to plaintiff, in the context of summary judgment, to provide a factual basis that would entitle him to a favorable judgment. See *Fung*, 374 Ill. App. 3d at 624. To this end, plaintiff argues that the act of watching his young granddaughter climb the stairs satisfied the distraction exception to the open and obvious doctrine.

9

¶ 30    The distraction exception applies to the open and obvious doctrine where a defendant has reason to expect the invitee's attention may be distracted, such that he or she will fail to discover what is obvious or will forget what he or she has discovered and fail to protect him or herself against it. *Bruns*, 2014 IL 116998, ¶ 20. The real issue when applying the distraction exception is not whether plaintiff was distracted, but whether defendants would have reason to expect plaintiff to be distracted. *Hope v. Hope*, 398 Ill. App. 3d 216, 221 (2010). To be foreseeable to a defendant, the distraction should not be solely the plaintiff's own creation. *Lake v. Related Management Co.*, *L.P.*, 403 Ill. App. 3d 409, 413 (2010). Here, plaintiff argues that the act of watching his young granddaughter climb the stairs satisfied the distraction exception.

¶ 31    A review of the relevant case law cited by the parties reveals that the distraction exception to the open and obvious doctrine applies: (1) where the defendant actually created the foreseeably distracting condition of the premises (see *Deibert v. Bauer Brothers Construction Company*, 141 Ill. 2d 430, 434-39 (1990)); (2) where the plaintiff was focused elsewhere in order to avoid a potential hazard (see *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14, 27-29 (1992)); or (3) where the plaintiff, a student, was distracted by a task he was directed to perform (see *Rexroad v. City of Springfield*, 207 Ill. 2d 33 (2003)).

¶ 32    Here, defendants neither affirmatively created a distraction nor expressly directed or expected plaintiff to watch his granddaughter as she ascended the stairs. Further, neither the physical condition of the stairway nor the layout of the Tiny Tots facility support plaintiff's theory that defendants created or should have foreseen this potential distraction. Foreseeability concerns what is objectively reasonable to expect, not what could conceivably occur. *National Advertising Co.*, 149 Ill. 2d at 29. Stated simply, it was not reasonably foreseeable to defendants that an adult

10

would fail to watch where he was walking when ascending two steps before placing his second foot on the top landing.

¶ 33  Applying the well-established case law to the undisputed facts reflected in the record submitted to the trial court, we conclude the true distraction, if any, was self-made in nature. Based on this record, plaintiff knew he was walking up a short stairway but freely chose to focus on his grandchild. We conclude the distraction exception is inapplicable.

¶ 34  Continuing our analysis of the foreseeability and likelihood of injury, we note that plaintiff has not alleged or shown that any other persons suffered injuries on the same stairway. In fact, Helm's deposition reveals that during the 18 years of operation, no other person has been injured on this particular stairway. Neither DCFS, the Lockport Fire Department, nor the Illinois State Fire Marshal took issue with the stairway during inspections. Based on the open and obvious nature of the stairway and the record before this court, we conclude that defendants could not have reasonably foreseen plaintiff's accident, and the likelihood of plaintiff's mishap was slight. Thus, the first two factors in the traditional duty analysis weigh heavily against the finding of a duty.

¶ 35  The third and fourth duty factors, namely, the magnitude of guarding against the injury and the consequences of placing that burden on defendants, hold little weight here. Plaintiff admitted during his deposition that the lighting was sufficient and that he did not feel the stairs were dangerous. Despite plaintiff's initial assertions, a handrail was present and available for his use. The undisputed facts of this occurrence additionally reveal that plaintiff was so focused on his granddaughter that no amount of signage would have altered plaintiff's conduct. Stated simply, plaintiff has not convinced this court that alterations to the stairway would render the stairway safer.

11

¶ 36　　　　In conclusion, our analysis of the four duty factors discussed above brings us to the same conclusion as the trial court; namely, that defendants were not negligent because they owed plaintiff no duty of care in this case.

¶ 37　　　　　　　　　　　　　　III. CONCLUSION

¶ 38　　　　The judgment of the circuit court of Will County is affirmed.

¶ 39　　　　Affirmed.